IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**BRANDON A. HOUSE,**<br><br>Defendant. | **Case No: 14-03106-22-CR-S-MDH** |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Thomas M. Larson, Acting United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Brandon A. House, to a term of incarceration of 240 months for Counts 1 and 25, as well as to an appropriate term of supervised release.

### I. BACKGROUND

The defendant, on December 13, 2016, pled guilty, without a written plea agreement, to Count 1 of the Second Superseding Indictment charging him with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; and Count 25 of the Second Superseding Indictment charging him possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine. The defendant also admitted that property listed in Forfeiture Allegations 1 and 2 was forfeitable to the United States.

On March 10, 2017, the final Presentence Investigation Report (PSR) was filed, indicating that the defendant's total offense level, after acceptance of responsibility, for all Counts was 35, with a criminal history category of VI. (PSR ¶ 101). The defendant's presentence investigative report indicated that his sentencing range was 292 to 365 months. (PSR ¶ 101). There is a statutory minimum sentence in this case for Count 1 of twenty years and a maximum term of imprisonment of life. (PSR ¶ 100). The government and the defendant have no objections to the presentence report.

## II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

The government and the defendant filed no objections to the PSR. Both parties agree that the appropriate advisory guideline range in this case is 292 to 365 months.

### III. DISCUSSION

#### A. Statutory and Guidelines Calculations

The defendant's presentence investigative report indicated that his sentencing range for Count 1 is 292 to 365 months. There is a statutory minimum in this case for Count 1 of twenty years. The Government concurs with these calculations.

#### B. Statutory Sentencing Factors

##### 1. Nature and Circumstances of the Offense

The defendant was involved with the Kenny Friend/Kenna Harmon Drug Trafficking Organization (FRIEND/HARMON DTO) which was a large-scale conspiracy to distribute methamphetamine throughout southwest Missouri in the years 2013-14. The defendant's role in this conspiracy was a mid-level distributor who received methamphetamine from Kenna Harmon that he then re-distributed to others. The defendant's actions helped fuel the growth of one of the largest methamphetamine distribution rings in southwest Missouri, and this conduct requires a serious punishment. A total sentence of 240 months reflects the serious nature of this offense and the need for adequate punishment.

##### 2. History and Characteristics of the Defendant

The defendant had 21 criminal history points and his criminal history category under the sentencing guidelines is a level VI. The defendant has convictions for driving while intoxicated, possession of cocaine, possession of felony amounts of marijuana, and possession of methamphetamine.

The PSR indicates that the defendant has a history of substance abuse. The defendant began using illegal controlled substances while in high school and abused alcohol, marijuana, cocaine, and methamphetamine. The government believes a total sentence of 240 months would

3

Case 6:14-cr-03106-MDH   Document 959   Filed 05/30/17   Page 3 of 8

be a just punishment taking into account the history and characteristics of the defendant and would allow the defendant to obtain the drug treatment that he needs from the BOP.

### 3. Need to Promote Respect for the Law

Based on the defendant's history and actions, the Government would contend that a substantial sentence is necessary to promote respect for the law, both on the part of the defendant, as well as on the part of the community as well. In this case, the Government believes a sentence of 240 months would promote this respect for the law.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

A sentence of 240 months would provide a deterrent to this defendant and those who commit similar types of crimes. While it is impossible to truly determine if others will be deterred from committing future crimes, a 240-month sentence will specifically deter this defendant from committing additional crimes during his period of incarceration.

### 5. Need to Protect the Public from Further Crimes of the Defendant

The defendant has shown that he is a danger to the community by his actions. A sentence of 240 months will give the community peace and security from the defendant at least for the period of time he is incarcerated.

### 6. Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment

The Government would submit that this defendant would benefit from a program that allows him to obtain further education. The defendant would likely would do well in obtaining further education. The government believes that the defendant would benefit from vocational training and other educational opportunities, as this would assist in his ability to obtain employment after his period of incarceration.

As noted, the defendant has reported a long history of substance abuse involving alcohol, methamphetamine, and marijuana. The government believes that the defendant would benefit from the 500 hour substance abuse treatment program offered by the United States Bureau of Prisons, and would not object to the defendant's placement in the program.

### 7. The Need to Avoid Unwarranted Sentencing Disparities

The government's request for a 240-month sentence is based on proportionality concerns when reviewing the sentences of other, similarly situated, co-defendants. Co-defendant Gregory Jones received a sentence of 180 months. Jones had a base offense level of 35, criminal history category of V and was a mid-level dealer of methamphetamine in the conspiracy. Co-defendant Jeffrey Gardner also was a mid-level dealer in the conspiracy, and he had a base offense level of 35, criminal history category of VI, with 22 criminal history points. The Court sentenced Gardner to a sentence of 180 months. Co-defendant Joseph Allen also received a total sentence of 180 months, for the conspiracy, as well as for his possession of multiple firearms in furtherance of the conspiracy. Allen had a base offense level of 37, criminal history category of I.

David Floyd received a sentence of 162 months. Floyd was a mid-level distributor, and had a base offense level was 35 and his criminal history category was II. Jeffrey Hatch was sentenced to 144 months. Hatch also was a mid-level distributor who had a criminal history category of III, and his base offense level was 35, with a sentencing range was 240 to 260 months, coupled with a 60 month consecutive sentence under 18 U.S.C., Section 924(c). Cheryl Paluczuk received a sentence of 132 months for her role in the conspiracy. Paluczak had a base offense level of 35, and a criminal history category of IV.

Defendant House, like the defendants listed above, was a mid-level distributor, whose difference with the other co-defendants is that he: (1) has a twenty year statutory minimum because of his prior felony drug conviction; and (2) he did not provide cooperation as did some of the other defendants.  So, while the government believes that a 240 month sentence is just under the circumstances of the case, the government also believes that to argue for a sentence of 292 months, the low end of the advisory guideline range, would be greatly disproportionate to other defendants, whose so far have received sentences between 180 months to 132 months.

A sentence of 240 months, taking into account the factors which pertain to the defendant's case, is proportionate to the other sentences already imposed in this case.  A sufficient period of incarceration is necessary to punish the defendant of his actions.  A 240-month total sentence would be an adequate punishment to accomplish this.

6

Case 6:14-cr-03106-MDH   Document 959   Filed 05/30/17   Page 6 of 8

## IV.  CONCLUSION

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory guideline range.  The Government respectfully requests that the defendant's role in the offense, behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, and any other statutory sentencing factors be considered in reaching an appropriate sentence.  In conclusion, the Government respectfully requests this Court to impose a sentence of 240 months.  Such a sentence would be consistent with the circumstances of this case.

        Respectfully submitted,

        THOMAS M. LARSON
        Acting United States Attorney


        */s/ Randall D. Eggert*_____
        RANDALL D. EGGERT Mo Bar #39404
        Assistant United States Attorney
        Western District of Missouri
        901 St. Louis Street, Suite 500
        Springfield, Missouri  65806
        (417)831-4406

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of May, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Randall D. Eggert*
RANDALL D. EGGERT