UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION


UNITED STATES OF AMERICA,         )
                                    )
                                    )
        Plaintiff,         )
                                    ) Case No.
        vs.               ) 14-CR-3106-MDH-22
                                    )
                                    )
BRANDON A. HOUSE,            )
                                    )
        Defendant.         )



SENTENCING
BEFORE THE HONORABLE M. DOUGLAS HARPOOL
WEDNESDAY, MAY 31, 2017; 9:30 A.M.
SPRINGFIELD, MISSOURI




APPEARANCES:

FOR THE PLAINTIFF:          MR. RANDALL D. EGGERT
                              UNITED STATES ATTORNEY'S OFFICE
                              901 St. Louis, Ste. 500
                              Springfield, MO 65806

FOR THE DEFENDANT:          MR. DARRYL B. JOHNSON
                              DARRYL JOHNSON ATTORNEY AT LAW
                              1885 N. Highway CC, Ste. A
                              Nixa, MO 65714

COURT REPORTER:             MS. JEANNINE RANKIN, RPR, CSR
                              UNITED STATES DISTRICT COURT
                              222 N. Hammons Parkway
                              Springfield, MO 65806


    Proceedings recorded by mechanical stenography;
transcript produced by computer.

USA v BRANDON A. HOUSE

CASE NO. 14–CR–3106–MDH–22

SENTENCING

May 31, 2017

5                * * * * * *

6          THE COURT:  We are here for the sentencing of

7  Brandon House.  Who appears on behalf of the United States?

8          MR. EGGERT:  Randy Eggert for the United States,

9  Your Honor.

10          THE COURT:  On behalf of the defendant?

11          MR. JOHNSON:  Darryl Brent Johnson, Junior, Your

12  Honor.

13          THE COURT:  Mr. House, would you stand.

14          My name is Doug Harpool.  I'm a federal district

15  judge and it's my responsibility today to sentence you for the

16  crime you've committed.

17          The law instructs me and requires me to sentence you

18  to a sentence which is sufficient but not greater than

19  necessary to meet the objectives of the U.S. sentencing laws.

20  So what we'll do in this hearing is first consult those laws

21  and see what the Congress has authorized as a sentence for

22  someone who's committed the crime you committed.  We'll then

23  look at the U.S. Sentencing Guidelines and see what the U.S.

24  Sentencing Commission suggests for a sentence for someone

25  who's committed the crime, and then we'll look at factors

2

1   described in Title 18, Section 3553(a) to see whether or not
2   that guideline sentence is the appropriate sentence for you in
3   this case.  There's several factors the Court will consider in
4   applying that section of the law.
5           When that's done and the lawyers and I have gone
6   through that process I've just described, you'll get an
7   opportunity to say something to me, if you want to.  Not
8   required to say a word, I won't hold it against you if you
9   remain silent, that's your right, but if you wish to say
10  something, I'll afford you that opportunity before I make a
11  final decision.  When that's finished, I will make a final
12  decision and I'll announce it to you and explain the reason
13  for my sentence.
14          Do you understand the process we're going to follow?
15          THE DEFENDANT:  I do.
16          THE COURT:  Now, before I've entered the courtroom
17  I've read everything that has been submitted to me including
18  your presentence investigation report and memorandum so I know
19  some background in your case, but I want to assure you I've
20  not made that final decision.  I've got ideas in my mind but I
21  haven't made a final decision and I won't until we complete
22  the hearing.  Do you understand?  Have you read your
23  presentence investigation?
24          THE DEFENDANT:  I have.
25          THE COURT:  I do have one comment.

3

```
 1              Counsel, I've started a new policy that I might --
 2   when I set sentencing hearings now, I am requesting that all
 3   sentencing memos be submitted at least five days prior to the
 4   hearing, so as a tip-off for you all in the future, you'll
 5   know that.
 6              MR. JOHNSON:  Yes, sir.
 7              THE COURT:  Be seated, then, and we'll get started.
 8              All right.  This defendant is guilty of --
 9   previously been determined to be guilty of the crime of
10   conspiracy to distribute 500 grams or more of a mixture or
11   substance containing a detectible amount of methamphetamine.
12   That is a Class A felony.  The Court's understanding of the
13   law is that given defendant's situation, the lowest sentence
14   that he could receive by this Court is 20 years in prison,
15   that he could receive a sentence as long as life in prison,
16   that there would be a supervised release of not less than ten
17   years, supervised release as long as life, then payment of a
18   $100 mandatory special assessment.
19              Any disagreement that that is the statutorily
20   authorized sentence for Count 1?
21              MR. EGGERT:  No, Your Honor.
22              MR. JOHNSON:  No, sir, Your Honor.
23              THE COURT:  Then Count 25, the defendant also is
24   guilty of the crime of possession with intent to distribute a
25   mixture or substance containing a detectible amount of
```

4

methamphetamine.  That is a Class B felony.  The sentencing on
that is not more than 30 years in prison, not more than a
$2 million fine, not less than six years' supervised release,
and a $100 mandatory special assessment.

Any disagreement that that is the statutorily
authorized sentence?

MR. EGGERT:  No, Your Honor.

MR. JOHNSON:  No, sir, Your Honor.

THE COURT:  All right.  Let's move, then, from what
the Congress has authorized as a sentence to what the U.S.
Sentencing Commission suggests as a starting point in the
sentence calculation.

Mr. House, I won't get into too much detail, but the
U.S. Sentencing Commission's appointed by the -- is appointed.
They're experts in sentencing.  They determine an offense
level -- they want every court to determine an offense level
and a criminal history category for every defendant.  Every
federal district court in the United States uses those same
sentencing guidelines and the same mechanism by which we
calculate what your offense level is and your criminal history
category.  We use this big thick book with all kinds of
subparts and subsections to determine what those are.

Once we've determined an offense level for you and a
criminal history category, there's a chart in the back of the
book and along the left-hand column there's an offense level

5

1   and it goes from a small number to the bigger numbers and then

2   across the top there's criminal history categories.  There's

3   six categories, from one to six.  Once we've made those

4   determinations, we meet on that chart where those two columns

5   meet, then that tells us what your guideline sentence is.

6           At one time a guideline sentence was a mandatory

7   sentence and the judge didn't have any discretion not to give

8   a sentence.  Supreme Court, though, ruled that now it is a

9   starting point, it must be calculated in every case, but it is

10  not -- it's not binding on the Court.  The Court can sentence

11  you above or below as long as your sentence is one that is

12  authorized by the Congress.  All right?

13          Now, are there any objections to the determinations

14  on the sentencing guidelines that are contained in the

15  presentence investigation report that I need to address?

16          MR. JOHNSON:  No, sir, Your Honor.

17          MR. EGGERT:  No, Your Honor.

18          THE COURT:  All right.  Well, that presentence

19  investigation report concludes that the offense level is 35

20  and that the criminal history category is six.  Now, that's

21  the highest criminal history category.  And the offense level

22  of 35.  So if you look at what the U.S. Sentencing Commission

23  guidelines suggest as a starting point for your sentence, it's

24  292 months in prison up to 365 months in prison.  That is the

25  guideline sentence adopted by the U.S. Sentencing Commission

6

based on your offense level and criminal history category.

You understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Go ahead and be seated.

I guess I should ask the lawyers, given my findings on offense level and criminal history category, any disagreement that's the guideline sentence?

MR. EGGERT: No, Your Honor.

MR. JOHNSON: No, sir, Your Honor.

THE COURT: All right. So now let's go to the next question. As I told you earlier, several years ago there was no further question, your sentence would've had to be between 292 and 365 months. Now the Supreme Court has allowed us to look at other factors and those are those contained in Title 18, Section 3553(a). Lots of factors. I'll consider every one of them even if we don't mention them by name here.

I'm going to ask the U.S. Attorney first to talk about those factors and what sentence he believes is appropriate.

I have read your memorandum and I know your recommendations but go ahead and make the record you wish.

MR. EGGERT: Thank you, Your Honor. And I do apologize for the late filing. I do apologize.

THE COURT: That's kind of a new policy, so just trying to get you guys used to it.

7

1        MR. EGGERT:  Sure.

2        Your Honor, as far as my recommendation is

3   concerned, it is 240 months.  I think my memorandum tends to

4   speak for itself.  I would note that this defendant has a

5   fairly significant criminal history that's primarily based on

6   his use and possession of controlled substances.  That is his

7   real problem and he needs to address that problem.

8        The reason why I'm asking for a sentence of 240

9   months as opposed to 292 months -- which is the low end of the

10  advisory guideline range -- is strictly based on

11  proportionality considerations in this case.

12       The Court's now had a chance to sentence many people

13  in this very large conspiracy and I believe that this

14  defendant is more like and should be considered with some of

15  the individuals that I've alluded to in my sentencing

16  memorandum, such as Gregory Jones, Jeffrey Gardner, David

17  Floyd, and Jeffrey Hatch, and I've listed out their sentences

18  and their criminal histories.  The primary difference between

19  this defendant and those defendants is this defendant has a

20  prior felony drug conviction that makes his mandatory minimum

21  sentence 20 years.  Because this defendant did not choose to

22  cooperate even though he was given the opportunity to, that's

23  the sentence that by statute has to be imposed without a

24  downward departure filed.  We did not file a downward

25  departure in this case.  So I think for proportionality

8

considerations, a sentence of 240 months is close to the 180 months that you gave Mr. Jones and I think that that is a fair sentence in light of this defendant's role in the conspiracy and as it relates to the other defendants that have previously been sentenced. So we are asking for a sentence of 240 months.

THE COURT: That's the lowest I could give anyway.

MR. EGGERT: Yes. For this particular defendant, that's the lowest you could give him, yes.

THE COURT: And the difference between him and Jones is that the prior felony makes him a mandatory 20 under the law?

MR. EGGERT: Yes. Gregory Jones had prior felony convictions but they were not drug-related convictions. I believe he had burglary convictions and other type of convictions, so he was not enhanceable under the statute such as Mr. House was.

THE COURT: All right.

MR. EGGERT: Thank you, Your Honor.

THE COURT: Mr. Johnson.

MR. JOHNSON: Thank you, Your Honor.

Judge, it's been a pleasure to represent Mr. House in this case. I was his second attorney. And I agree with Mr. Eggert's assessment of the sentencing guidelines and his argument, his memorandum, and I, too, respectfully request

9

1    that Mr. House be sentenced to the minimum of 240 months.

2            Mr. House, right after I begin representing him,

3    he's accepted responsibility, pled guilty in a timely fashion.

4    And, Your Honor, along with that, respectfully request that he

5    get credit for time served under 18 U.S.C. 3585(b).  Mr. House

6    was in state penitentiary in Camden and he was writted from

7    that penitentiary to Greene County Jail based on this

8    indictment.  He has been in Greene County Jail since

9    September 3rd, 2015, to today.  Including today, that's 637

10   days.  Judge, that's hard time in the Greene County Jail.  You

11   don't -- you're not afforded sunshine, go outside and exercise

12   or anything else.  So we respectfully request that since he

13   was in Greene County Jail based on this indictment that this

14   Court give him credit for that time served.

15           We also request that this Court sentence him to the

16   500-hour drug treatment program because looking at Mr. House's

17   prior criminal history, which is substantial, it's all drug

18   related.  Mr. House will tell you in a heartbeat that's his

19   nemesis is drugs.  So I think him getting the drug treatment

20   program, when he gets out -- he'll be in there a considerably

21   long period of time -- he won't face that again.

22           One other request, Your Honor.  Mr. House requests

23   that he be sentenced to the federal facility in Greenville,

24   Illinois.  Thank you.

25           THE COURT:  Let me ask the U.S. Attorney, what's

10

1   your thinking on the credit he's requested?

2          MR. EGGERT:  I believe that's an appropriate

3   request, Your Honor.

4          THE COURT:  Is that something I need to do or is --

5          MR. EGGERT:  I think it's automatically -- it's

6   automatically reduced by the marshal service and BOP, but I'm

7   not an expert on those things.  I do think he should get

8   credit for the time he's been in custody.  He's been on a

9   federal detainer since, I believe, September of 2015.

10         THE COURT:  How many days did you say that was?

11         MR. JOHNSON:  637 days, Your Honor.  It was

12  September 3rd, 2015, and including today that makes it 637

13  days.

14         Your Honor, I do believe that the Court has to make

15  announcement if the Court is going to give credit for time

16  served under that statute.

17         MR. EGGERT:  The marshals are shaking their head in

18  the affirmative on that request, so I do believe you have to

19  make some type of announcement to give him credit for the

20  time, but I don't oppose the request, Your Honor.

21         THE COURT:  Yes.

22         PROBATION OFFICER:  Your Honor, since he's here on a

23  writ, without you making the order, they would not start the

24  sentence until -- or start his time until today.  And I wanted

25  to say --

```
 1              THE COURT:  He would get the credit for that time on
 2   his state sentence?
 3              PROBATION OFFICER:  Yes.  But not -- not this unless
 4   you order it to be retroactive.  And I have the date as
 5   September 2nd instead of you said September 3rd?
 6              MR. JOHNSON:  Yeah.
 7              PROBATION OFFICER:  It's going back to September 2nd
 8   is when he came into custody on the writ, of 2015.
 9              MR. JOHNSON:  638, then, Your Honor.
10              THE COURT:  Well, let me talk about the state
11   sentence now.  If he gets credit under his federal sentence,
12   they can't credit it on both the state and the federal unless
13   we order it.
14              MR. JOHNSON:  That's my understanding.  Judge, if he
15   would have been in the state penitentiary, it's my
16   understanding he would have been paroled about a year and a
17   half ago.
18              THE COURT:  That's why I didn't understand.
19              MR. JOHNSON:  Yes, sir.
20              THE COURT:  All right.
21              PROBATION OFFICER:  I was going to say, Judge,
22   usually what the state does is once he's sentenced in this
23   case, they usually parole him to our custody, so --
24              THE COURT:  All right.  That's fine.
25              Any concerns on anything that you heard?
```

Case 6:14-cr-03106-MDH   Document 1041   Filed 08/23/17   Page 12 of 21

1          MR. EGGERT:  No, I think that's exactly what's going

2     to happen here, he'll get paroled by the state.

3          THE COURT:  I'm asking all these questions because

4     since we're giving him the minimum sentence, I can't give him

5     a sentence -- an illegal sentence, and if we give him credit

6     he's not entitled to, then it's technically an illegal

7     sentence, so that's what I'm trying to make sure we get.

8          MR. JOHNSON:  Yes, sir.

9          THE COURT:  All right.  Does your client wish to

10    address the Court in some way?

11         MR. JOHNSON:  Your Honor, he does.  Mr. House has

12    asked me to read his statement, doesn't think he can make it

13    through the whole thing, so if I may go ahead?

14         THE COURT:  You're going to read it for him?

15         MR. JOHNSON:  Yes, sir.

16         THE COURT:  That's fine.  Go right ahead.

17         MR. JOHNSON:  "To the Honorable Court:  My name is

18    Brandon House and I am writing to you concerning my case which

19    you have jurisdiction.  I am now moving into the sentencing

20    phase and I wanted to take the time to speak for myself for

21    the first in these proceedings of nearly two years.  It is

22    important to me to convey to this Court in my own words my

23    thoughts and feelings at this time.

24              "I've had much time to think about the full impact

25    and consequences that my behavior in the past have had not

                                   13

1   just personally but on my community as well.  I have
2   experienced every color of the emotional spectrum one might
3   expect to feel.  Of course, at first I went through periods of
4   anger, depression and self-pity but eventually realized that
5   was denial and blame and I was honest and accepted it for the
6   humility it is.  I want this Court to know that I now
7   understand why my involvement in such conduct is not tolerated
8   by society and there are no excuses I can offer to justify my
9   actions.
10          "From a young age I have battled with own addiction.
11  Although my addiction history might be viewed as mitigating
12  factors in these crimes, I want to be clear that I don't wish
13  to use that fact to discount any responsibility in my case.  I
14  now see that I had choices and my decisions and actions are
15  mine alone.  I am truly remorseful for my actions.  I'm not
16  simply remorseful because I was caught.  The ripple effect of
17  my actions was enormous and the remorse I feel today is
18  heavier than I could imagine.
19          "My personal losses have taken a back seat in
20  priority to those of my family and friends.  The effect my
21  actions have had on my family are astounding.  I've had to
22  figure out a way to tell my mother and father that due to my
23  decisions, they will be dead before I am free again.  I've had
24  to see my father though a diagnosis of cancer cells in his
25  blood from a visitation booth.  My mother's health has began

                                    14

1   to wane as well and I can be of no help or support to either
2   of them except through phone calls, letters and the occasional
3   visit.  My nephew, for whom I love so much, will grow up
4   without an uncle to help and support him as he grows and faces
5   the trials and tribulations of life.  And last, my personal
6   loss that I have deep love and affection for children and I've
7   had to be realistic and come to terms with the fact that I'll
8   probably never have kids of my own.  The thought of that
9   stings deeper as I receive pictures and letters from my
10  nephew.  Due to these hard-earned realizations, it is hard not
11  to plead for mercy from this Court.

12          "Just being honest, the main purpose of this letter
13  is to apologize to the Court and take full responsibility for
14  my role in this case.  I would trust my sentencing to this
15  Honorable Court's judgment of what is just and fair.  My only
16  request is that this Court allow me to take part in some form
17  of intensive substance abuse treatment in the Bureau of
18  Prisons so when released I'll stand in better condition than I
19  was.  I also want to thank you for accepting and listening to
20  this letter and for this Court's time.

21          "Sincerely, Brandon House."

22          That's it, Your Honor.

23          THE COURT:  All right.  Any reason I shouldn't

24  impose sentence at this time?

25          MR. EGGERT:  No, Your Honor.

1           MR. JOHNSON:  No, sir.

2           THE COURT:  Mr. House, it's my job to sentence you

3    at this time and to give an explanation.

4           Let me first say that you walked in the courtroom

5    facing the possibility of life in prison.  That should tell

6    you what the U.S. Congress thinks about methamphetamine

7    distribution and the severity of it.

8           Not in this courtroom today are the victims of your

9    crimes.  In methamphetamine sales it's kind of interesting

10   because people who have methamphetamine addictions who sell

11   methamphetamines seem to understand what a destructive impact

12   that drug has on their own life and yet in order to continue

13   to destroy their own life, they turn around and sell

14   methamphetamines to other people to destroy their lives, or

15   facilitate them destroying their lives.

16          This is a huge conspiracy you were part of.  You

17   weren't a bit player.  Lots of families in southwest Missouri

18   are suffering because of your actions.  Just as your family

19   suffers from what's happened to you and just as you suffered,

20   those other methamphetamine sufferers are paying a huge price.

21          There are many who think the drug sentencing laws in

22   the country are too strong.  This is not the forum to make

23   that argument.  That's the Congress.  If people think

24   sentences are too long, they need to talk to their congressmen

25   and their senators.  In this court we administer the law as

                                16

1  it's written.  So, therefore, you face a minimum of 20 years
2  in prison.
3            I will tell you that you're kind of getting a break
4  because one of the concerns the government has expressed is
5  trying to make sentences relative and I gave some sentences to
6  some other people who didn't face the minimum who are a little
7  bit lower than what you're getting, they didn't face the
8  minimum, and in order to be fair proportionally, then, I think
9  this lower recommendation is appropriate and I recognize that.
10 I could have easily given some of those -- in fact, the
11 guidelines were to give those people higher sentences than
12 they got and you likely would have been facing.
13           I will tell you there are others in the conspiracy
14 yet to be sentenced who are going to face higher sentences
15 than you have in all likelihood, if we pay attention to the
16 guidelines and proportionality.
17           Twenty-nine people in this conspiracy are going to
18 have sentences and have felonies on their record.  As a
19 result, we're talking pounds of methamphetamines that were
20 distributed in our community over a significant period of
21 time.  Knowing how destructive this drug was, it's sad to look
22 at your criminal record because from 18 you were -- had
23 methamphetamine, at 20, marijuana -- and I'm not reading them
24 all -- 22, cocaine; 25, methamphetamine; 28, methamphetamine.
25 That prior history is what's led you to face a minimum of 20.

17

I don't know how many times in this court I see
people like you and I just beg that the -- wished, hoped that
the first time you got in trouble with the law you would have
turned your life around because I do not enjoy giving someone
your age this kind of sentence.  But you had many, many
chances and the policy makers say that once you've had that
number of chances and still are active in methamphetamine
distribution, especially to the extent you were here, you face
a minimum 20.  That's what your sentence is going to be.

                    Pursuant to the Sentencing Reform Act of 1984, it's
the judgment of this Court that defendant Brandon House is
hereby committed to the custody of the Bureau of Prisons for
240 months on Count 1 and 180 months on Count 25 all to be
served concurrently for a total term of imprisonment of 240
months.  Additionally, this sentence will be run concurrently
to any undischarged term of imprisonment in state cases
31307CF1206, 0931-CR02683-01 and 1231-0801363-01.  The Court
additionally orders that your sentence should be deemed to
have commenced on 9/2/15 and that you should receive credit
for all time you've served in jail and prison since that date
which the Court calculates to be 638 days.  But the key date
is September 2nd of 2015.

                    Upon release from imprisonment you'll be placed on
supervised release for ten years.  That consists of 10 years
on Count 1 and six years on Count 25.  Those terms will run

                                    18

concurrently. I'm not going to impose a fine. I don't think
you have the ability to pay a fine. You will have to pay a
$100 special assessment on each Counts 1 and 25 for a total of
$200. That's due immediately.

While you are on supervised release you will comply
with the mandatory and standard conditions adopted by the
Court. In addition, the defendant will comply with the
special conditions listed in Part D, Paragraph 109 A to E of
the presentence investigation report.

I am going to recommend that you be designated to an
institution for participation in the 500-hour residential
substance abuse treatment program and the UNICOR program and
that you be placed -- you be considered for placement in the
institution located in Greenville, Illinois.

Mr. Eggert, do I need to finalize the forfeiture
order?

MR. EGGERT: Yes, please, Your Honor. The
preliminary order of forfeiture was entered on December 20th
of 2016. I do request that you finalize that.

THE COURT: This Court will finalize that order now,
so I impose forfeiture based on that order. And then do you
have counts to dismiss?

MR. EGGERT: No. The defendant pled without an
agreement, Your Honor, so he plead to every count in the
indictment in which he was charged.

```
 1              THE COURT:  All right.

 2              Mr. House, you have a right -- I think I've

 3   sentenced you to the lowest sentence that you're allowed under

 4   the law but you do have a right to appeal to see if that's a

 5   mistake of law or if that -- somehow we've done something

 6   wrong.  If so, you can appeal but you've got to do it within

 7   14 days.  If you don't appeal within 14 days, you might risk

 8   losing some of those rights.  Do you understand?

 9              THE DEFENDANT:  Yes, sir.

10              THE COURT:  All right.

11              Anything further from the government?

12              MR. EGGERT:  No, Your Honor.

13              THE COURT:  Anything further, Mr. Johnson, on behalf

14   of your client?

15              MR. JOHNSON:  No, sir, Your Honor.

16              THE COURT:  Mr. House, I have given you the drug

17   treatment program that you requested.  My wish for you is that

18   you can start living your own life rather than letting the

19   drugs live it for you.  All right?

20              We'll be in recess.

21              (Court stands in recess at 9:56 a.m.)

22

23

24

25
```

Case 6:14-cr-03106-MDH   Document 1041   Filed 08/23/17   Page 20 of 21

```
 1                 CERTIFICATE OF OFFICIAL REPORTER

 2         I, Jeannine M. Rankin, Federal Official Court Reporter,

 3    in and for the United States District Court for the Western

 4    District of Missouri, Southern Division, do hereby certify

 5    that the foregoing is a true and correct transcript of the

 6    stenographically reported proceedings.

 7

 8

 9

10

11                              /s/ Jeannine M. Rankin

12    Date:      07/19/17      Jeannine M. Rankin, CCR, CSR, RPR

13

14

15

16

17

18

19

20

21

22

23

24

25
```

21